UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHAMOUD ASCARIE,<br>     Plaintiff,<br>     v.<br>GAVILAN COLLEGE, et al.,<br>     Defendants. | Case No. 16-cv-02493 NC<br><br>**ORDER DISMISSING COMPLAINT FOLLOWING § 1915 REVIEW**<br><br>Re: Dkt. No. 1 |

Plaintiff Mahamoud Ascarie, proceeding pro se, alleges that he was wrongfully terminated and tricked into working on a volunteer basis as a part time chemistry lecturer by his former employer, Gavilan College. Dkt. No. 1 at 2. However, Ascarie fails to state a basis for federal subject matter jurisdiction. Therefore, Ascarie's complaint is dismissed with leave to amend. He must file an amended complaint by August 8, 2016, or his complaint will be dismissed with prejudice.

## I.   LEGAL STANDARD

### A.   Review Under § 1915

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." A district court must dismiss the complaint of an in forma pauperis (IFP) applicant if it determines that the complaint is frivolous or fails to

Case No. 16-cv-02493 NC

1  state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,
2  203 F.3d 1122, 1126-27 (9th Cir. 2000). A complaint is frivolous for purposes of 28
3  U.S.C. § 1915 if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490
4  U.S. 319, 325 (1989). "Dismissals on these grounds are often made sua sponte prior to the
5  issuance of process, so as to spare prospective defendants the inconvenience and expense
6  of answering such complaints." *Id*. at 324.

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), the pro se litigant "must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. Federal Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only adjudicate cases which the Constitution or Congress authorize to; cases involving a federal question or diversity of citizenship. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of the United States. "[I]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1194 fn. 2 (9th Cir. 1988). Federal subject matter jurisdiction based upon diversity is governed by 28 U.S.C. § 1332(a)(1) and requires complete diversity of citizenship and an amount in controversy in excess of $75,000.

## II. ANALYSIS

Here, Ascarie has shown in his IFP application that he is unable to pay the filing fee required to file a complaint in federal district court. Dkt. Nos. 2, 5 (application and order

Case No. 16-cv-02493 NC          2

granting IFP status). However, upon review of his allegations, the Court finds that, liberally construed, his complaint does not pass § 1915 review and should be dismissed for lack of federal subject matter jurisdiction.

Ascarie states that "[v]enue is proper in this court, within the meaning of subdivision (b) of California Code Section 12965, because the unlawful employment practices complained herein occurred within Santa Clara County, California." *Id.* at 2. However, this is incorrect. Unlike state court, which is a court of general jurisdiction, a federal court may hear a case only if it has subject matter jurisdiction, which requires either (1) federal question jurisdiction or (2) diversity jurisdiction. *Kokkonen*, 511 U.S. at 377.

For the Court to have federal question jurisdiction, Ascarie's action must arise under federal law. 28 U.S.C. § 1331. "A case arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (internal quotations omitted). Pursuant to the "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (internal quotations omitted).

Here, Ascarie's complaint appears to be grounded solely in California state law. He alleges that Defendants have violated the "California Fair Employment and Housing Act (California Government Code Section 129000 et seq.)," and "Section 12940 of the California Government Code," and also references the "Government Claims Act (California Government Code Section 810 et seq.)." Dkt. No. 1 at 2, 3, 5. He does not allege a violation of the Constitution or of federal employment law. Because his complaint does not allege a violation of federal or constitutional law, the Court lacks federal question jurisdiction.

Case No. 16-cv-02493 NC         3

1    Having failed to find subject matter jurisdiction based on a federal question, the
2  Court turns to diversity jurisdiction.  Federal subject matter jurisdiction under 28 U.S.C. §
3  1332(a)(1) requires complete diversity of citizenship and an amount in controversy in
4  excess of $75,000.

5    Ascarie's complaint alleges that he is a resident of Santa Clara County, California.
6  Dkt. No. 1.  He names Gavilan College, "located at 5055 Santa Teresa Blvd., Gilroy CA
7  95020," Dean Fran Lozano, a "full time employee of Gavilan College," and Dr. Dale
8  Clark, a "full time chemistry faculty member at Gavilan College," as the defendants in his
9  lawsuit.  At one point Ascarie states that he "sues these Defendants by such fictitious
10 names and will amend this complaint to include other responsible defendants when
11 discovered and to allege their true names, culpability, and/or agent of each of the
12 remaining defendants."  Dkt. No. 1 at 5.  It may be possible that Ascarie wishes to sue a
13 person or entity that is not a California citizen.[1]  However, there must be complete
14 diversity for diversity jurisdiction to exist, and Ascarie lists Gavilan College as a
15 California citizen.  Therefore, the Court lacks diversity jurisdiction over Ascarie's
16 complaint.

17   Because Ascarie alleges only violations of California law and lists only California
18 citizens as defendants, his complaint fails to allege either federal question or diversity
19 jurisdiction.

20 **III.  CONCLUSION**

21   Because the complaint does not allege either federal question or diversity
22 jurisdiction, it is dismissed with leave to amend.  By August 8, 2016, Ascarie must file an
23 amended complaint that cures the deficiencies identified in this order, or his complaint will
24 be dismissed with prejudice.

---

[1] If Ascarie amends his complaint, he must list the real names of all known defendants.

Case No. 16-cv-02493 NC    4

**IT IS SO ORDERED.**

Dated: July 25, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge