UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAHMOUD ASCARIE,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVILAN COLLEGE, et al.,<br><br>    Defendants. | Case No. 16-cv-02493-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART**<br><br>[Re: ECF 25] |

Plaintiff Mahmoud Ascarie, proceeding pro se, alleges that he was wrongfully terminated and tricked into working on a volunteer basis as a part time chemistry lecturer by his former employer, Gavilan College. Compl. ¶¶ 7–8, ECF 1. In relation to this alleged wrongful termination, Ascarie brought an action for "retaliation, conspiracy, abusing immunity agains[t] plaintiff'[s] scientific integrity relief of unlawful employment practice that has caused damages to plaintiff" against Gavilan College; the Dean of the College, Fran Lozano; and a chemistry professor at the College, Dr. Dale Clark (collectively "Defendants"). *See id.*

Now before the Court is Defendants' motion to dismiss. Mot., ECF 25. For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.

I. **BACKGROUND**

Ascarie is a former part-time chemistry instructor at Gavilan College. Compl. ¶ 7. Ascarie alleges that while he was teaching Chemistry 1B at Gavilan College, he learned that the College's budget was cut and "informed defendant Dean Lozano that he [could] work voluntarily," *i.e.*, unpaid, through the next semester. *Id.* ¶ 8. Ascarie alleges that in April 2010, as he was preparing for class, he noticed an error in a "calculation/key for experiment 23" provided by Dr. Clark. *Id.* ¶

1  11. Ascarie "approached Dr. Clark to discuss the calculation/key," and Dr. Clark became angry. *Id.* Plaintiff alleges that he proceeded to teach his class, but used the correct calculation in accordance with "scientific integrity." *Id.* Gavilan College did not ask Ascarie to teach a chemistry course for the summer or fall 2010 term, allegedly because of budget cuts. *Id.* ¶ 12. Plaintiff alleges that although Dean Lozano called and asked him to cover several of Dr. Clark's classes, which he did, and although he applied for two teaching positions between 2012 and 2014, he was not offered a job. *Id.* ¶¶ 13–17.

Several years later, in May 2014, Ascarie alleges that he "saw one of his old student[s] at Home Depot, [and] that student informed [him] that another person was teaching chemistry" at the College. *Id.* ¶ 19. Plaintiff alleges that he then "realized that Dean Lozano was taking advantage of [him] for free service and slavery," and was lying to him about the budget cuts. *Id.* ¶ 20.

On October 15, 2014, Ascarie filed a complaint with the Department of Fair Employment and Housing ("DFEH") for retaliation and age discrimination. *Id.* ¶ 19; Ex. C to Compl., ECF 1. DFEH then issued Ascarie a Right to Sue Letter. Ex. D to Compl., ECF 1.

On May 9, 2016, Plaintiff filed this action under the Fair Employment and Housing Act for retaliation, conspiracy, and age discrimination. *See generally* Compl. He seeks (1) back pay, front pay, and other monetary relief; (2) compensatory damages; and (3) preliminary and permanent injunctive relief.[1] Compl. at 6. Plaintiff filed an application to proceed *in forma pauperis*, which was granted. ECF 2, 5. Magistrate Judge Cousins then issued an order sua sponte dismissing Ascarie's complaint under 28 U.S.C. § 1915 for lack of federal subject matter jurisdiction. ECF 8. Ascarie paid the filing fee and served Defendants, who then filed the instant motion to dismiss. ECF 12, 25.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.*

---

[1] Specifically, Plaintiff "requests that this court require defendant to re-hire plaintiff as a chemistry instructor." Compl. ¶ 26.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of the United States. "[I]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). Federal subject matter jurisdiction based upon diversity is governed by 28 U.S.C. § 1332(a)(1) and requires complete diversity of citizenship and an amount in controversy in excess of $75,000.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### III. DISCUSSION

Defendants bring the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. *See generally* Mot.

#### A. Lack of Subject Matter Jurisdiction

Defendants first contend that this Court lacks both federal question and diversity jurisdiction over this action. As to jurisdiction based on the presence of a federal question, Defendants argue that the complaint is based solely upon California state law, *i.e.*, the California Fair Employment and Housing Act, California Government Code sections 12900, *et seq.*, and does not allege a violation of the U.S. Constitution or any federal law or treaty. Mot. 6. Ascarie responds by arguing that "[v]iolation of scientific integrity is a federal and international question," and that retaliation against scientific integrity and freedom of speech is a violation of 42 U.S. § 1983. Opp'n 2, ECF 26. He further claims that abusing immunity is a federal question. In reply, Defendants argue that neither violation of scientific integrity nor abuse of immunity involve a federal question.[2] Reply ISO Mot. 2, ECF 29.

The Court agrees with Defendants. Here, Ascarie's complaint appears to be grounded solely in California state law. He alleges that Defendants violated the "California Fair Employment and Housing Act (California Government Code Section 12900 et seq.)" and "Section 12940 of the California Government Code," and also references the "Government Claims Act (California Government Code Section 810 et seq.)". Compl. ¶¶ 3, 23, 27. Plaintiff does not appear to allege a violation of the Constitution or federal law. Further, he does not mention section 1983 or violations of his free speech rights in the complaint. Accordingly, as pled, Ascarie does not present a federal question.

Defendants also seek dismissal of the action based on the lack of diversity jurisdiction. Mot. 6. Ascarie alleges that he is a resident of Santa Clara County, California. Compl. ¶ 1. Plaintiff further alleges that Dean Lozano is a "full time employee of Gavilan College," Dr. Clark

---

[2] Defendants also address the merits Ascarie's slavery claims to contest jurisdiction. Reply ISO Mot. 2. However, Plaintiff does not bring a cause of action for slavery or rely on such a claim to create jurisdiction. Therefore, the Court does not address Defendants' argument on this ground.

is a "full time chemistry faculty member at Gavilan College," and Gavilan College is "a public college[ ] existing under the laws of the State of California." Compl. ¶¶ 3–5. Defendants contend that there can be no diversity of citizenship between an individual and a State entity. Mot. 6. Plaintiff does not address diversity jurisdiction in his opposition.

Gavilan College, as a California community college and part of the Gavilan Community College District,[3] is an arm of the State of California and therefore cannot be sued in federal court on the basis of diversity jurisdiction. *See Fusco v. Sonoma Cty. Junior Coll. Dist.*, No. C-09-0114 MMC, 2009 WL 1559534, at *1 (N.D. Cal. June 1, 2009) (citing *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (holding "community college districts are dependent instrumentalities of the state")); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013) ("The state, as the real party in interest, is not a 'citizen' for diversity purposes," citing and quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980)). Therefore, for this Court to have jurisdiction over any claims against Gavilan College, they must be based on a federal question.

In addition, the Court infers from Ascarie's allegations that Dean Lozano and Dr. Clark are full time employees at Gavilan College, that Dean Lozano and Dr. Clark are California residents. Because diversity jurisdiction requires complete diversity between the parties, the Court also lacks diversity jurisdiction.

As pled, the complaint does not present a federal question, and Ascarie cannot rely on diversity jurisdiction. Therefore, the Court lacks subject matter jurisdiction over the action.

### B.  Failure to State a Claim

Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendants assert several grounds for dismissal: First, Defendants contend that Gavilan College and the individual defendants, if sued in their official capacities, are immune from claims of damages and injunctive relief in federal court under the Eleventh Amendment. Mot. 7. Second, claims of employment discrimination and conspiracy to

---

[3] *See* List of California Community Colleges Districts, California Community Colleges Chancellor's Office, http://californiacommunitycolleges.cccco.edu/districts.aspx (last visited Oct. 21, 2016).

5

discriminate based upon age and nationality and claims of retaliation can only be made against an employer, not an individual employee, and thus, Defendants assert that the individual defendants are improperly named. *Id.* at 8. Finally, Defendants argue that retaliation based on an allegiance to "scientific integrity" is not cognizable under FEHA because it is not protected activity.[4] *Id.*

### i. Eleventh Amendment Immunity

Plaintiff seeks back pay, front pay, and other monetary relief; compensatory damages; and an order requiring Gavilan College to rehire plaintiff as a chemistry instructor. Compl. at 6; *id.* ¶ 26. Defendants argue, however, that Gavilan Community College, as a state agency, is entitled to Eleventh Amendment immunity. Mot. 7; Reply ISO Mot. 3. And, to the extent they have been sued in their official capacities, Dean Lozano and Dr. Clark are also entitled to Eleventh Amendment immunity. Mot. 7; Reply ISO Mot. 3. Ascarie does not substantively address this argument in his opposition.

Defendants are correct—the Eleventh Amendment bars this Court from hearing Ascarie's FEHA claims against Gavilan College or the individual defendants in their official capacities. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 846–47 (9th Cir. 1999) ("California has not waived its immunity to FEHA actions in federal court."); *Mitchell v. Los Angeles Cty. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) ("Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."). The Ninth Circuit's ruling in *Cerrato v. San Francisco Community College District*, 26 F.3d 968 (9th Cir. 1994), is clear and leaves little room for interpretation:

> As a threshold matter, the defendants argue that the Eleventh Amendment bars this court from hearing Cerrato's section 1983 claims. They argue that such a result is compelled by *Mitchell* . . . in which we held that California community college school district was a state entity that possessed Eleventh Amendment immunity from section 1983 claims.
>
> We agree with the defendants that the Eleventh Amendment bars us from hearing Cerrato's claims against the SFCC district. In general,

---

[4] Because Plaintiff fails to state a claim under which relief can be granted as to the individual defendants, and because the Eleventh Amendment bars this Court from adjudicating the claim as to Gavilan College, the Court makes no determination as to whether retaliation based on "scientific integrity" is cognizable under FEHA.

6

> the Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state. We have held that community college districts are dependent instrumentalities of the state of California. Accordingly, we lack jurisdiction to hear Cerrato's claims against the district.

*Id.* at 972 (citations omitted). Therefore, Plaintiff may not bring a FEHA claim against Gavilan College or against Dean Lozano or Dr. Clark in their official capacities in federal court.

In his opposition, Plaintiff asks for leave to amend, presumably to assert a claim under 42 U.S.C. § 1983. Opp'n 2, 4. The Eleventh Amendment, however, would also bar this Court from hearing section 1983 claims against Gavilan College or against the individual defendants in their official capacities. Accordingly, Plaintiff may not amend his complaint to add these claims because such an amendment would be futile. The complaint does not specify whether the individual defendants are sued in their personal capacities, and Plaintiff did not clarify this point in his opposition. Thus, the Court will grant leave to amend to state a claim, if factually supportable, against Dean Lozano and Dr. Clark in their personal capacities.

### ii. FEHA Claims Against the Individual Defendants

Defendants also seek to dismiss the claims of (1) employment discrimination and conspiracy to discriminate based upon age and nationality and (2) retaliation based upon an allegiance to "scientific integrity," made against Dean Lozano and Dr. Clark. Mot. 8. Defendants contend that such claims can only be made against an employer, not an individual employee. *Id.* In opposition, Ascarie does not substantively address this argument; he merely states that Dr. Clark retaliated against him by "depriving plaintiff of holding his position." Opp'n 2.

In *Reno v. Baird*, the California Supreme Court held that although the employer may be liable for unlawful discrimination, individuals working for the employer, including supervisors, are not personally liable for that discrimination. 18 Cal. 4th 640 (Cal. 1998). In *Jones v. Lodge at Torrey Pines Partnership*, the California Supreme Court extended that logic to retaliation claims under FEHA, and held that nonemployer individuals may not be held personally liable for their role in any alleged retaliation. 42 Cal. 4th 1158 (Cal. 2008). Accordingly, Plaintiff may not assert claims based on unlawful discrimination or retaliation against Dean Lozano or Dr. Clark under FEHA. Defendants' motion to dismiss the FEHA claims against Dean Lozano and Dr. Clark is

GRANTED WITHOUT LEAVE TO AMEND.

## IV. ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's FEHA claims against Gavilan College are DISMISSED WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE to Plaintiff reasserting his claims in state court.

2. Plaintiff's FEHA claims against Dean Lozano and Dr. Clark are DISMISSED WITH PREJUDICE.

3. Plaintiff is granted leave to amend to establish federal court jurisdiction. However, he may not allege a claim against Gavilan College or the individual defendants in their official capacities under 42 U.S.C. § 1983, as such a claim would be futile under the Eleventh Amendment.

Plaintiff must file any amended complaint on or before **November 23, 2016**.

Plaintiff may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. The Federal Pro Se Program has offices in two locations, listed below. Help is provided by appointment and on a drop-in basis. Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480. Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| Federal Pro Se Program | Federal Pro Se Program |
|---|---|
| United States Courthouse | The Law Foundation of Silicon Valley |
| 280 South 1st Street | 152 North 3rd Street |
| 2nd Floor, Room 2070 | 3rd Floor |
| San Jose, CA 95113 | San Jose, CA 95112 |
| Monday to Thursday 1:00 pm – 4:00 pm | Monday to Thursday 9:00 am – 12:00 pm |
| Fridays by appointment only | Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: October 25, 2016

_____
BETH LABSON FREEMAN
United States District Judge