# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MAHMOUD ASCARIE,<br>　　　Plaintiff,<br>　v.<br>GAVILAN COLLEGE, et al.,<br>　　　Defendants. | Case No. 16-cv-02493-BLF<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br>[Re: ECF 36] |

Plaintiff Mahmoud Ascarie, proceeding pro se, alleges that he was wrongfully terminated and tricked into working on a volunteer basis as a part time chemistry lecturer by his former employer, Gavilan College. First Am. Compl. ("FAC") ¶¶ 7, 17, 19–20, ECF 34. In relation to this alleged wrongful termination, Ascarie brings this action for "retaliation against plaintiff's freedom of speech, and against his belief of scientific integrity," *id.* ¶ 5, against the Dean of Gavilan College, Fran Lozano, and a chemistry professor at the College, Dr. Dale Clark (collectively, "Defendants"). Gavilan College is no longer a party.

Now before this Court is Defendants' motion to dismiss. Mot., ECF 36. Plaintiff did not file a timely opposition to Defendants' motion, but did file a letter to the Court. *See* Resp. to Mot., ECF 40. To the extent possible, the Court will construe Ascarie's letter as his opposition. For the reasons discussed herein, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss WITH LEAVE TO AMEND.

I. **BACKGROUND**

Ascarie is a former part-time chemistry instructor at Gavilan College. FAC ¶ 6. Ascarie alleges that while he was teaching Chemistry 1B at Gavilan College, he learned that the College's budget was cut and "informed defendant Dean Lozano that he [could] work voluntarily," *i.e.*,

United States District Court
Northern District of California

1  unpaid, through the next semester. *Id.* ¶ 7.  He further alleges that in April 2010, as he was

2  preparing for class, he noticed an error in a "calculation/key for experiment 23," which was

3  provided by Dr. Clark. *Id.* ¶ 10.  Ascarie "approached Dr. Clark to discuss the calculation/key,"

4  and Dr. Clark became angry. *Id.*  Plaintiff alleges that he proceeded to teach his class, but used the

5  correct calculation in accordance with "scientific integrity." *Id.*  Gavilan College did not ask

6  Ascarie to teach a chemistry course for the summer or fall 2010 term, allegedly because of budget

7  cuts. *Id.* ¶ 11.  Plaintiff alleges that although Dean Lozano called him and asked him to cover

8  several of Dr. Clark's classes, which he did, and although he applied for two teaching positions

9  between 2012 and 2014, he was not offered a job. *Id.* ¶¶ 13–15.

In May 2014, Ascarie alleges that he "saw one of his old student[s] at Home Depot, [and] that student informed [him] that another person was teaching chemistry" at the College. *Id.* ¶ 19.  Plaintiff alleges that he then "realized that Dean Lozano was taking advantage of [him] for free service and slavery," and was lying to him about the budget cuts. *Id.* ¶ 20.  Ascarie subsequently filed a complaint with the Department of Fair Employment and Housing ("DFEH") for retaliation and age discrimination. *Id.* ¶ 19.

On May 9, 2016, Plaintiff filed this action under the Fair Employment and Housing Act ("FEHA") for retaliation, conspiracy, and age discrimination. *See generally* Compl., ECF 1.  Initially, the court granted Plaintiff's application to proceed *in forma pauperis*, but subsequently issued an order sua sponte dismissing Ascarie's complaint under 28 U.S.C. § 1915 for lack of federal subject matter jurisdiction.  ECF 2, 5, 8.  Ascarie paid the filing fee and served Defendants, who then filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted.  Mot. to Dismiss Compl., ECF 25.

The Court granted Defendants' motion to dismiss Plaintiff's (1) FEHA claims against Gavilan College without leave to amend and without prejudice to Plaintiff reasserting his claims in state court and (2) FEHA claims against Dean Lozano and Dr. Clark with prejudice. Order Granting Defs.' Mot. to Dismiss ("First Dismissal Order"), ECF 31.  The Court granted Ascarie leave to amend to establish federal court jurisdiction, but noted that he could not allege a claim

2

against Gavilan College or the individual defendants in their official capacities under 42 U.S.C. §1983, as such a claim would be futile under the Eleventh Amendment. *Id.* at 8.

Ascarie was to file his amended complaint on or before November 23, 2016. *Id.* On November 17, 2016, Ascarie filed a similar action in the Santa Clara Superior Court, entitled *Ascarie v. Gavilan Community College*, No. 16CV302821 . *See* Ex. A to Defs.' Req. for Judicial Notice ("State Court Action"), ECF 36-3.[1] Having failed to file an amended complaint in this Court, the Court issued an Order to Show Cause directing Ascarie to explain why it should not dismiss the case for failure to file an amended complaint. Order to Show Cause ("OSC"), ECF 33. Ascarie timely responded to the OSC with an explanation of his failure to file an amended complaint and attached the FAC. ECF 34.

In the FAC, Ascarie alleges retaliation and conspiracy against Plaintiff's scientific integrity and his freedom of speech. *See generally* FAC. Defendants now seek to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally* Mot.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of

---

[1] While the scope of review on a motion to dismiss is generally limited to the contents of the complaint, under Fed. R. Evid. 201(b), courts may take judicial notice of facts that are "not subject to reasonable dispute." Here, Defendants ask the Court to take judicial notice of the complaint Ascarie filed in Santa Clara Superior Court. Because the Court need not consider the state action to dispose of this motion, the Court DENIES Defendants' request for judicial notice.

3

the United States. "[I]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). Federal subject matter jurisdiction based upon diversity is governed by 28 U.S.C. § 1332(a)(1) and requires complete diversity of citizenship and an amount in controversy in excess of $75,000.

### B. Failure to State a Claim Upon Which Relief Can Be Granted

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants bring the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. *See generally* Mot. Alternatively, Defendants move to dismiss or stay the action because the claims asserted are duplicative of those asserted in Ascarie's state court action, which is currently pending in the Santa Clara Superior Court. *Id.* 1–2. Because the Court concludes that Ascarie has failed to state a claim upon which relief can be granted, the Court does not address

4

Defendants' alternative argument.

### A. Subject Matter Jurisdiction

Defendants first contend that this Court lacks subject matter jurisdiction over this action because the FAC fails to contain a short and plain statement of the grounds for the court's subject matter jurisdiction, as required by Federal Rule of Civil Procedure 8(a)(1). Mot. 4.

Under Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). The Court agrees that the FAC contains no short and plain statement of the Court's jurisdiction, as required by Rule 8. However, courts are to broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of the doubt." *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Construing Ascarie's pleadings liberally, the Court concludes that he is attempting to state a retaliation and conspiracy claim under 42 U.S.C. § 1983, for a violation of his First Amendment rights. *See generally* FAC. Accordingly, the Court finds that it has subject matter jurisdiction over the action, and therefore DENIES Defendants' motion to dismiss on this ground.

### B. Failure to State a Claim

Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants assert two grounds for dismissal: First, Defendants contend Ascarie's claims are time barred. Mot. 5, 7–8. Second, Defendants argue that Ascarie has failed to allege acts of retaliation and fails to allege a conspiracy. Mot. 5–9.

#### i. Statute of Limitations

Defendants argue that Ascarie's suit, which was filed on May 9, 2016, is untimely because all of his allegations relate to wrongful acts that occurred before May 9, 2014. Mot. 5, 7–8. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004).

The Court agrees that Ascarie's claim is untimely on the face of the complaint. Ascarie alleges that the first wrongful act—failure to ask him to teach a chemistry course—occurred in

mid-to-late 2010. *See* FAC ¶¶ 10–11. Ascarie also suggests that at least one additional wrongful act occurred when he was not offered either of the teaching jobs he applied for in 2012 and 2014. *Id.* ¶¶ 13–15. Ascarie further claims that he first realized that Dean Lozano "was taking advantage of him," in May 2014. *Id.* ¶ 19. Thus, Ascarie's allegations suggest that he was on notice of his claims as early as May 2014, which means he would have had to bring these claims by May 2016, which he did. However, although it is plausible that Ascarie was put on notice of his claims at some point on or after May 9, 2014, such that his claims would be timely, Ascarie makes no such claim in his response to Defendants' motion. *See generally* Resp. to Mot. (asking the Court not to dismiss his case without providing a reason). Accordingly the Court GRANTS Defendants' motion to dismiss on this ground WITH LEAVE TO AMEND. In any amended pleading, Ascarie must allege with specificity when he first learned that Dean Lozano "was taking advantage of him."

### ii. Failure to Allege Acts of Retaliation

Plaintiff alleges that Defendants retaliated against him by not offering him continued employment in response to his challenging Dr. Clark's "calculation/key." FAC ¶¶ 10–15. Defendants argue that Ascarie fails to state a claim for retaliation because he does not allege that he exercised any protected activity or that Defendants personally retaliated against his "scientific integrity" and exercise of free speech rights. Mot. 5.

To prove retaliation in violation of the First Amendment and to recover under 42 U.S.C. § 1983, a plaintiff must show:

> (1) [that] he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010); *Skoog v. Cnty. of Clackamas,* 469 F.3d 1221, 1232 (9th Cir. 2006) (applying same test, but with two instead of three elements). The Ninth Circuit employs a sequential five-step test—the "*Eng*" factors—to evaluate these claims. The first three factors require the plaintiff to show (1) that he spoke on a matter of public concern;

(2) that he spoke as a private citizen rather than a public employee; and (3) that the relevant speech was "a substantial or motivating factor in the adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070–71 (9th Cir. 2009). If the plaintiff establishes such a prima facie case, the burden of proof shifts to the government to show that (4) "the state had an adequate justification for treating the employee differently from other members of the general public"; or (5) "the state would have taken the adverse employment action even absent the protected speech." *Id*. at 1070-72. All of the *Eng* "factors are necessary, in the sense that failure to meet any one of them is fatal to the plaintiff's case." *Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1260 (9th Cir. 2016) (quoting *Dahlia v. Rodriguez*, 735 F.3d 1060, 1070 (9th Cir. 2013) (en banc)).

Defendants argue that Plaintiff has not satisfied his burden of pleading that he engaged in constitutionally protected activity, *i.e.*, that the speech in question addressed a matter of public concern. Mot. 6 (citing *Eng v. Cooley*, 552 F.2d 1062, 1070–71 (9th Cir. 2009)). Specifically, they contend that Ascarie alleges only that he notified Dr. Clark of an error in a calculation/key for a lab experiment, and because of "scientific integrity," he used the proper key, and that such speech is not a matter of public concern. Mot. 6; SAC ¶¶ 10–15. The Court agrees. As alleged, Ascarie's speech was not on a matter of public concern. The First Amendment does not protect speech by public employees made pursuant to their employment responsibilities. *See Coomes*, 816 F.3d at 1260 (citation omitted); *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1211 (9th Cir. 2015) (explaining that speech that deals with individual personnel disputes and grievances and that would be of no relevance to the public's evaluation of the performance of governmental agencies is generally not of public concern). Moreover, when public employees make statements pursuant to their official duties, they do not speak as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. *Coomes*, 816 F.3d at 1260. Accordingly, Ascarie has not satisfied his burden under the first two prongs of the *Eng* test, and therefore his claim necessarily fails.[2] For this reason, the Court GRANTS Defendants' motion to dismiss Ascarie's retaliation claim WITH LEAVE TO

---

[2] Because Ascarie cannot satisfy the first two prongs of the *Eng* test, the Court need not address Defendants' additional arguments.

AMEND.

### iii. Failure to Allege a Conspiracy

To prove a conspiracy in violation of Section 1983, plaintiff must show: (1) the existence of an agreement, either express or implied, to deprive the plaintiff of his constitutional rights, and (2) a deprivation of rights resulting from the agreement. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (citation and internal quotation marks omitted). Mere conclusory allegations of conspiracy (*i.e.*, a bare allegation that a defendant "conspired" with another) are insufficient to state a claim. *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997). Rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). A plaintiff can meet the pleading standard by alleging "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights even though he does not identify which [defendant] said or did what at which particular time." *Harris*, 126 F.3d at 1196.

Defendants argue that Ascarie has not alleged that Dean Lozano and Dr. Clark conspired against him for exercising his free speech rights. Mot. 8. Instead, they contend, he alleges that he did not receive a teaching assignment in the summer and fall of 2010 and that Defendants did not consider his applications for teaching assignments submitted between 2012 and 2014. Mot. 8–9 (citing FAC ¶¶ 11, 15). Defendants assert, and the Court agrees, that these allegations are vague and conclusory, and fail to satisfy the pleading standard. *See* Mot. 9. For example, Ascarie fails to state who was responsible for making chemistry teacher assignments during the time period in question, whether Gavilan College announced an open recruitment for part-time chemistry instructors during the relevant time period, and whether Defendants were even responsible for reviewing applications for part-time chemistry instructors. *See* Mot. 9; *cf. Lacey v. Maricopa Cty.*, 683 F.3d 896, 937 (9th Cir. 2012) (noting that the conspiracy allegations regarding one of the defendants were conclusory because the complaint failed to provide the scope of the conspiracy, the role of one of the alleged conspirators, and when or how the conspiracy operated). Moreover, Ascarie has not alleged the existence of an agreement between Dean Lozano and Dr. Clark with

respect to the alleged constitutional violation. Accordingly, Ascarie's claim for conspiracy to violate his First Amendment rights fails, and the Court GRANTS Defendants motion to dismiss these claims WITH LEAVE TO AMEND.

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction and GRANTS Defendants' motion to dismiss for failure to state a claim WITH LEAVE TO AMEND.

Plaintiff must file any amended pleading **on or before May 19, 2017**. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal of Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge